IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:05-cr-01129-TLW-1 |
| v. | **Order** |
| Mecca Taurice Evans | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to the following charges:

Count 1: Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846;

Count 2: Attempted Armed Robbery, in violation of 18 U.S.C. § 1951;

Count 3: Using, Carrying, and Possessing a Firearm During and in Relation to, and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and

Count 4: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

His statutory sentencing range on Count 1 was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 101, 105. His Guidelines range at sentencing on Count 1 was 292–365 months (38/III), followed by 10 years of supervised release. PSR ¶¶ 102, 108; ECF No. 88. The Court imposed an overall

1

sentence of 396 months, consisting of 312 months on Count 1, 240 months on Count 2, 120 months on Count 4, and 84 months consecutive on Count 3, followed by a 10-year term of supervised release.  ECF No. 87.  After two Rule 35(b) reductions and a reduction based on a Guidelines amendment, his sentence was eventually reduced to 244 months, consisting of 208 months on Counts 1 and 2, 120 months on Count 4, and 36 months consecutive on Count 3.  ECF No. 247.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii).  Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

Because Defendant also pled guilty to 5 kilograms or more of cocaine, his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his original sentencing.  However, the Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack.  *See United States v. Gravatt*, 953

F.3d 258, 264 (4th Cir. 2020). Thus, he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 365 at 10. Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also United States v. Wirsing*, 943 F.3d 175, 181 n.1 (4th Cir. 2019) ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Gravatt* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the PSR and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a

sentence reduction is not appropriate in this case.  There are several reasons why the Court has reached this conclusion, including (1) he was a large-scale drug dealer; (2) he was held accountable at sentencing for a crack weight (363.4 grams) that would have supported a charge to the current threshold amount (280 grams); (3) in addition to the crack weight, he was also held accountable at sentencing for a significant amount of cocaine—37 kilograms; (4) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing due to the cocaine penalties; (5) he received an obstruction adjustment and lost credit for acceptance of responsibility for devising a violent plan to murder one of the Government's witnesses; (6) he engaged in violent conduct in connection with the instant federal convictions when he attempted to rob another drug dealer at gunpoint; (7) he has a prior cocaine distribution conviction; and (8) he was on probation when he committed the instant offense.

For these reasons, the Court declines to reduce Defendant's sentence, and his motion, ECF No. 365, is therefore **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 24, 2020
Columbia, South Carolina