IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:05-cr-01129-TLW-1 |
| v. | **Order** |
| Mecca Taurice Evans | |

This matter is before the Court on Defendant's motions for reconsideration of the denial of his motion for a sentence reduction pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. "Because there is no provision in the Federal Rules of Criminal Procedure that governs a motion for reconsideration, courts are guided by analogy to the standards established by the civil rules." *United States v. Mallory*, 337 F. Supp. 3d 621, 626 (E.D. Va. 2018) (citation omitted). Under the civil rules, a Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

Defendant, now represented by counsel, asserts various arguments that may have been omitted from his original pro se motion. *See* ECF No. 392. The Court has considered the arguments he now raises in this motion, including his current Guidelines range, his criminal record, that the conviction listed in the § 851 Information would no longer qualify for § 851 purposes, and the possibility of a

1

variance under *Dean v. United States*, 137 S. Ct. 1170 (2017).[1] However, for the reasons set forth in the Court's prior order denying his pro se First Step Act motion, which the Court incorporates here, the Court concludes that a sentence reduction in his case is not warranted. Those specific reasons were: (1) he was a large-scale drug dealer; (2) he was held accountable at sentencing for a crack weight (363.4 grams) that would have supported a charge to the current threshold amount (280 grams); (3) in addition to the crack weight, he was also held accountable at sentencing for a significant amount of cocaine—37 kilograms; (4) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing due to the cocaine penalties; (5) he received an obstruction adjustment and lost credit for acceptance of responsibility for devising a violent plan to murder one of the Government's witnesses; (6) he engaged in violent conduct in connection with the instant federal convictions when he attempted to rob another drug dealer at gunpoint; (7) he has a prior cocaine distribution conviction; and (8) he was on probation when he committed the instant offense. Accordingly, his motions for reconsideration, ECF Nos. 392, 401, are **DENIED**.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

September 2, 2020
Columbia, South Carolina

---

[1] Defendant later filed a pro se supplemental brief setting forth additional arguments. *See* ECF No. 401. The Court has also taken into consideration the matters he raises in that filing.

2