UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Case No. 4:05-cr-01129-TLW-1 |
| v. | **Order** |
| Mecca Taurice Evans | |

This matter is before the Court on Defendant Mecca Taurice Evans' pro se motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 407. For the reasons set forth below, his motion is denied.

Defendant pled guilty to the following charges:

Count 1:  Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846;

Count 2:  Attempted Armed Robbery, in violation of 18 U.S.C. § 1951;

Count 3:  Using, Carrying, and Possessing a Firearm During and in Relation to, and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and

Count 4:  Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

His Guidelines range at sentencing was 292 to 365 months (38/III) on Counts 1, 2, and 4, plus 84 months consecutive on Count 3, followed by 10 years of supervised release. PSR ¶¶ 102, 108; ECF No. 88. The Court imposed an overall sentence of 396 months, consisting of 312 months on Count 1, 240 months on Count 2, 120 months on Count 4, and 84 months consecutive on Count 3, followed by a 10-year term of supervised release. ECF No. 87. After two Rule 35(b) reductions and a reduction

1

based on a Guidelines amendment, his current sentence is 244 months, consisting of 208 months on Counts 1 and 2, 120 months on Count 4, and 36 months consecutive on Count 3. ECF No. 247. BOP records reflect that he is scheduled to be released from custody on February 10, 2023.

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—regarding compassionate release motions, and although the policy statement only directly applies to BOP motions, "it remains helpful guidance" for inmates' motions. *United States v. McCoy*, 981 F.3d 271, 287 n.7 (4th Cir. 2020). Notably, § 1B1.13(2) provides that the Court, before reducing a sentence, should determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, the commentary to § 1B1.13 provides four categories of what constitutes extraordinary and compelling reasons for a sentence reduction: (1) the defendant's medical condition; (2) his age; (3) his family

2

circumstances; and (4) a catch-all "other reasons." *Id.* at cmt. n. 1(A)–(D).

While § 1B1.13 may provide guidance, it is not an applicable policy statement, so "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (cleaned up). Ultimately, the determination of whether a case presents extraordinary and compelling reasons warranting a sentence reduction is a question reserved to the sound discretion of the district court. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (concluding that compassionate release orders are reviewed for abuse of discretion).

In Defendant's motion, he says that a sentence reduction is appropriate for several reasons: (1) his health issues;[1] (2) that he was sentenced under the 100:1 cocaine-to-crack ratio, rather than the current 18:1 ratio; (3) his statutory sentencing range on Count 1 under current law would be 15 years to Life, rather than 20 years to Life; (4) his "state priors could not be used"; and (5) his § 924(c) conviction should be vacated because a federal drug conspiracy is no longer a valid § 924(c) predicate offense. ECF No. 407 at 5. The Government opposes his motion, arguing that his health issues do not constitute extraordinary and compelling reasons, and that he has failed to demonstrate that he is not a danger to the community or otherwise

---

[1] He lists high blood pressure, obesity, respiratory illness/bronchitis, "food allergies due to a weakened immune system," and a family history of diabetes. ECF No. 407 at 5. Notably, he does not say that he has diabetes, only that there is a family history of it. Additionally, he does not claim that these conditions increase the danger to him posed by the COVID-19 pandemic, but even if he had, the Court's ruling would be the same.

merits relief under the § 3553(a) factors. ECF No. 413 at 9, 12. In particular, the Government points out that his offense conduct "involved substantial amounts of drug activity and [was] extremely violent, including brandishing firearms and a plan to kill one of the Government's cooperating witnesses." *Id.* at 12. In reply, Defendant reiterates his earlier arguments and points out that the Government consented to his prior motion for an Amendment 782 sentence reduction.[2] ECF No. 414 at 2–3. He also points to his rehabilitative efforts in prison, his lack of disciplinary history, and his family support. *Id.* at 4–5.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, the § 3553(a) factors, and his post-sentencing conduct.[3] The Court concludes has not shown that extraordinary and compelling reasons warrant a sentence reduction in light of the § 3553(a) factors.

Defendant raises various health concerns. The Court has reviewed the medical records attached to his motion. These records indicate that none are causing him significant day-to-day difficulties and, notably, indicate that he is receiving proper

---

[2] The Court denied that motion in 2016. ECF No. 347.

[3] The Court has considered in its analysis each of the arguments he raises, including (1) his health concerns; (2) that he was sentenced under the 100:1 cocaine-to-crack ratio; (3) that his statutory sentencing range on Count 1 would now be 15 years to Life with the § 851 enhancement; (4) that his prior cocaine distribution conviction would no longer serve to enhance his sentence under § 851; (5) his argument regarding the ongoing validity of his § 924(c) conviction; (6) his rehabilitative efforts while incarcerated; (7) his lack of any disciplinary history; and (8) his release plan.

4

treatment by the BOP. *See* ECF No. 407-2 at 14–23.

The Court acknowledges Defendant's rehabilitative efforts and lack of disciplinary history while incarcerated. However, there are numerous significant factors that counsel against a reduction.

1. Notably, Defendant was a large-scale drug dealer who was held accountable for 37 kilograms of cocaine and 363.4 grams of crack. PSR ¶ 17.

2. Defendant engaged in violent conduct in connection with the instant federal convictions when he attempted to rob another drug dealer at gunpoint, resulting in injuries to the victim. Additionally, a firearm was discharged in the immediate aftermath of the attempted robbery. PSR ¶¶ 13, 18–19.

3. During a recorded phone conversation after the attempted robbery, Defendant told a confidential source that the victim knew who Defendant was, so Defendant was going to have to kill him. PSR ¶ 13.

4. Defendant received an obstruction adjustment and lost credit for acceptance of responsibility for devising a violent plan to murder one of the Government's other witnesses. PSR ¶¶ 20–26, 29, 32.

5. Defendant has a prior cocaine distribution conviction, which did not deter him from committing the significant drug conduct in this case. PSR ¶ 36.

6. Defendant was on probation when he committed the instant offense. PSR ¶¶ 36, 38.

The PSR outlines this conduct in detail. That information is incorporated by reference here.

As to Defendant's particular argument regarding the ongoing validity of his § 924(c) conviction, first, that is a matter more properly addressed in a habeas petition, not a compassionate release motion. But more to the point, he is simply incorrect. Section 924(c) provides that it is illegal to possess a firearm in relation to

any "drug trafficking crime," which is defined in § 924(c)(2) to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." The drug conspiracy offense he was convicted of in Count 1 is a felony offense in violation of 21 U.S.C. § 846, which is part of the Controlled Substances Act. Thus, his drug conspiracy offense remains a § 924(c) predicate offense.

The Court has considered the factors set forth in section 3553(a) and finds that extraordinary and compelling reasons do not warrant a sentence reduction in Defendant's case. 18 U.S.C. § 3582(c)(1)(A)(i). In summary, the Court concludes that this is not a close question—Defendant's conduct in connection with the federal offense, specifically the significant drug weight and the violence used and planned, weigh heavily against a reduction or release. Accordingly, his compassionate release motion, ECF No. 407, is **DENIED**.[4]

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

November 4, 2021
Columbia, South Carolina

---

[4] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *United States v. Rucker*, 853 F. App'x 893, 893 (4th Cir. 2021).